UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

January 03, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Oscar Laynes, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-21-1642 |
| | § | |
| Allstate Vehicle and Property | § | |
| Insurance Company, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Dismissal

I.    *Late Response.*

On June 22, 2021, Allstate Vehicle and Property Insurance Company moved to dismiss for failing to state a claim. By July 6, 2021, Oscar Laynes had an opportunity to file a response. He did not. Six days later, Laynes filed an untimely response. He blames an unidentified calendar system that improperly docketed the deadline for reply.

It is excusable neglect that warrants dismissal because the underlying claim is meritless.

2.    *Background.*

Oscar Laynes and Veronica Tipaz own a home in Harris County, Texas. On April 19, 2020, the home was alleged to have been damaged by a severe storm. The home was insured for wind and hail damage through Allstate.

On August 11, 2020, they sent Allstate a claim for damage under the policy. The home was inspected on August 19, 2020, and October 19, 2020. Allstate denied the claim because the inspectors found no covered wind or hail damage.

Laynes sued Allstate for breach of contract. They also sued for extra-contractual claims.

2.     *Breach of Contract.*

To state a claim for breach of contract, Laynes must have adequately pleaded facts that describe the elements of unperformed contract terms: (a) their insurance policy was valid; (b) they performed under it; (c) Allstate breached the policy; and (d) Laynes was damaged as a result. Laynes says he performed under the policy. He says Allstate breached the policy because it conducted a "substandard" virtual inspection for the claim and found no damage.

Laynes filed a late claim. Allstate inspected and denied the claim. Laynes does not identify the provision of the policy that was breached nor how Allstate breached the policy with a virtual inspection. This is inadequate to state a claim.

3.     *Extra-Contractual Claims.*

Laynes complaint is riddled with legal conclusions. For instance, they have pleaded few facts to show that Allstate improperly inspected the property or mishandled the claim. Laynes does not give facts that describe how Allstate was malicious aside from disagreeing over the money that should be paid.

The method of haphazardly throwing statutory language in a complaint without facts does not give rise to a plausible claim. This is inadequate to meet the heightened scrutiny under Rule 9(b). Laynes extra-contractual claims will be dismissed.

4.     *Conclusion.*

The claims that Oscar Laynes and Veronica Tipaz have against Allstate Vehicle and Property Insurance Company will be dismissed with prejudice.

Signed on January __3__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge